UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES EDGAR HOLLAND, JR.,

    Plaintiff,

v.                                                Case No: 8:16-cv-856-T-36TBM

VETERANS ADMINISTRATION,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court on the Report and Recommendation of Magistrate Judge Thomas B. McCoun III (Docs. 3 and 5). In the Report and Recommendation, Magistrate Judge McCoun recommends that the Complaint be dismissed and that Plaintiff James Edgar Holland, Jr.'s Affidavit of Indigency, construed as a motion for leave to proceed *in forma pauperis*, (Doc. 2) be denied, without prejudice. Holland filed a document in response to the Report and Recommendation (Doc. 4), which the Court will construe as an Objection. This matter is now ripe for review.

**I.   BACKGROUND**

Proceeding *pro se*, Holland filed a Complaint (Doc. 1) and an Affidavit of Indigency (Doc. 2). Although it is unclear precisely what claims Holland is seeking to bring, Holland asserts that his "fiduciary" has on numerous occasions failed to pay the electricity and water bills for his houses, causing these utilities to be turned off a dozen times. Holland also alleges that he is being

fined $50 a day for a block wall that he built 29 years ago. Holland finally alleges that he is legally sane.[1]

The Magistrate Judge construed the Affidavit of Indigency as a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and recommended that the Court deny the motion and dismiss the Complaint, finding that Holland has failed to state a cognizable cause of action or to invoke this Court's jurisdiction. *See* Docs. 3 and 5. Holland now responds to that recommendation.

## II.   STANDARD OF REVIEW

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990). With regard to those portions of the Report and Recommendation not objected to, the district judge applies a clearly erroneous standard of review. *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72. The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id*.

## III.   DISCUSSION

Holland filed a document in response to the Report and Recommendation (Doc. 4), which the Court will construe as an Objection to the Report and Recommendation. Although the content

---

[1] The first page of the Complaint references "stolen valor," but the allegations in the Complaint do not relate at all to the Stolen Valor Act of 2013. *See* 18 U.S.C. § 704.

therein is largely incohesive and incoherent, as far as the Court can tell, Holland is asserting the following:  In 1965, Holland saved another man's life and nearly lost his own.  He was offered the Silver Star by the Pentagon, but 50 years later, he still has not received it.  Holland is asking for the Medal of Honor from four countries.  In 1966, Holland was severely injured in combat.  More than five years ago, Holland was tested by a forensic psychologist and was found to have no evidence of mental disability, but when he presented this evidence to the VA, he was told that he would not be released from the mental health program.  Holland has been published approximately 20 separate times in two different newspapers.  Holland requests that the Court award him substantial damages for pain and suffering.  Around 2006, Holland attempted to enroll at SPJC and ended up at Tomlinson Adult Learning Center.  He could not hear the instructor and, after asking for a hearing aid, he was given a volume test three times without his permission, resulting in total hearing loss.

After considering these statements, the Court agrees in all respects with Magistrate Judge McCoun's recommendation.  To begin with, the Court cannot discern how these statements relate to the Report and Recommendation or to the Complaint.  Moreover, even assuming *arguendo* that these statements are meant to be read together with the Complaint, and affording Holland's pleadings a liberal construction, Holland still has failed to make "a short and plain statement of the grounds for the court's jurisdiction" or "a short and plain statement of the claim showing that [he] is entitled to relief."  Fed. R. Civ. P. 8(a).  Accordingly, Holland's Complaint is due to be dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  Finally, the Affidavit of Indigency is incomplete— notably, the section of the form requesting Holland's employment and income information has been left blank, *see* Doc. 2 § 5—and therefore fails to establish that Holland lacks the resources to pay the filing fee for this action.

For the reasons stated above, it is hereby **ORDERED**:

1. Holland's construed Objection (Doc. 4) is **OVERRULED**.

2. The Report and Recommendation of the Magistrate Judge (Docs. 3 and 5) is adopted, confirmed, and approved in all respects, and is made a part of this Order for all purposes, including appellate review.

3. The Complaint (Doc. 1) is **DISMISSED**, and Holland's construed motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED, without prejudice**.

4. Within **TWENTY-ONE (21) DAYS** from the date of this Order, Holland may file an **amended financial affidavit** fully setting forth his income and liabilities, as well as an **amended complaint** that sets forth a cause of action cognizable in this Court consistent with the pleading requirements of the Federal Rules of Civil Procedure. Failure to do so will result in the dismissal of this action without further notice.

**DONE AND ORDERED** in Tampa, Florida on June 13, 2016.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any
United States Magistrate Judge Thomas B. McCoun III